CAUSE NO. 21-0047

| | | |
|---|---|---|
| VENISSA PIPKIN | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 343rd JUDICIAL DISTRICT |
| | § | |
| TYSON DALY, WAL-MART STORES | § | |
| INC., WAL-MART STORES TEXAS, | § | |
| LLC., WAL-MART STORES TEXAS, | § | |
| LP | § | ARANSAS COUNTY, TEXAS |

## *PLAINTIFF'S FIRST AMENDED PETITION*

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES VENISSA PIPKIN, hereinafter called Plaintiff, complaining of and about TYSON DALY, WAL-MART STORES, INC., WAL-MART STORES TEXAS, LLC, WAL-MART STORES TEXAS, LP, JESSICA VASQUEZ, JANET MOORE, JUSTIN SHERRILL AND TIMOTHY MEDRANO hereinafter called Defendants, and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level 3.

### PARTIES AND SERVICE

2. Plaintiff, VENISSA PIPKIN is an individual currently residing in Rockport, Aransas County, Texas. Pursuant to the Texas Civil Practice and Remedies Code § 30.014, the last three digits of the Plaintiff's driver's license are 028. The last three of Plaintiff's social security number are 369.

3. Defendant, TYSON DALY, is a manager at WAL-MART #440 located in ROCKPORT, TX. This defendant may be served with personal process, by process

server, at his place of business at 2401 Hwy 35N, Rockport, Texas 78382 or any place he may be found. No citation requested at this time as Defendant has appeared and answered herein.

4. Defendant, WAL-MART STORES, INC., is a foreign corporation authorized to do business in the State of Texas and may be served with process by serving its Registered Agent, CT Corporation System, at 1999 Bryan St., Ste 900, Dallas, TX 75201-3136. No citation requested at this time as Defendant has appeared and answered herein.

5. Defendant, WAL-MART STORES TEXAS, LLC is a foreign corporation authorized to do business in the State of Texas, may be served with process by serving its Registered Agent, CT Corporation System, at 1999 Bryan St., Ste 900, Dallas, TX 75201-3136. No citation requested at this time as Defendant has appeared and answered herein.

6. Defendant, WAL-MART STORES TEXAS, LP is a domestic corporation authorized to do business in the State of Texas, may be served with process by serving its Registered Agent, CT Corporation System, at 350 North St. Paul St., Dallas, TX 75201. No citation requested at this time as Defendant has appeared and answered herein.

7. Defendant, JESSICA VASQUEZ, is a manager at WAL-MART #440 located in ROCKPORT, TX. This defendant may be served with personal process, by process server, at her place of business at 2401 Hwy 35N, Rockport, Texas 78382 or any place she may be found. No citation requested at this time.

8. Defendant, JUSTIN SHERILL, is an assistant store manager at WAL-MART #440 located in ROCKPORT, TX. This defendant may be served with personal process, by process server, at his place of business at 2401 Hwy 35N, Rockport, Texas 78382 or any place he may be found. No citation requested at this time.

9. Defendant, TIMOTHY MEDRANO, is receiving manager at WAL-MART #440 located in ROCKPORT, TX. This defendant may be served with personal process, by process server, at his place of business at 2401 Hwy 35N, Rockport, Texas 78382 or any place he may be found. No citation requested at this time.

10. Defendant, JANET MOORE, is a stockman at WAL-MART #440 located in ROCKPORT, TX. This defendant may be served with personal process, by process server, at her place of business at 2401 Hwy 35N, Rockport, Texas 78382 or any place she may be found. No citation requested at this time.

## JURISDICTION AND VENUE

11. The subject matter in controversy is within the jurisdictional limits of this court.

12. This court has jurisdiction over the parties because Defendants are conducting business in the State of Texas.

13. Venue in Aransas County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

14. On or about October 23, 2020, Plaintiff VANISSA PIPKIN entered Wal-Mart Store #440 located at 2401 Hwy 35N, Rockport, Texas 78382 for the purpose of shopping. As Plaintiff, VANISSA PIPKIN was passing by the Deli, she suddenly and without warning slipped and fell on a liquid substance that was on the floor causing her to fall and injure her right and left knees.

**LIABLITY AGAINST DEFENDANT WAL-MART STORES, INC., WAL-MART STORES TEXAS, LLC AND WAL-MART STORES TEXAS, LP**

**GENERAL NEGLIGENCE**

15. Plaintiff VENISSA PIPKIN was on Defendants' premises to purchase items; therefore, Plaintiff was an invitee of WAL-MART. Plaintiff was inside Defendant WAL-MART's premises with permission and for the benefit of both Defendant WAL-MART and Plaintiff. WAL-MART, the owner of the store, and TYSON DALY and JESSICA VASQUEZ, the managers of the store, were in control of the entire store. JUSTIN SHERILL, TIMOTHY MEDRANO and JANET MOORE were also employees of the store and had a shared responsibility to ensure the safety of store patrons. The condition on the floor inside the store posed an unreasonable risk of harm to Plaintiff and other patrons. Defendants had a duty to use reasonable care for the safety of its patrons and Plaintiff, and Defendants failed to inspect its premises and should have known of the unreasonably dangerous condition on the premises as stated herein. Defendants also had a duty to retain the services of a company who performs its work in a safe manner for Defendant WAL-MART's customers. Defendants breached their duty to Plaintiff because they failed to inspect

and warn or take any action to correct the dangerous condition that existed. The Defendants' acts and omissions resulted in a dangerous condition to exist, of which they should have had knowledge of, and such dangerous condition was a proximate cause of Plaintiff VENISSA PIPKIN's injuries and damages.

16. Accordingly, regarding the above assertion, Plaintiff VENISSA PIPKIN specifically alleges that the Defendants were negligent because they breached their duty in the following respects:

A. Defendants failed to inspect the premises and warn about the dangerous condition on its floor;

B. Defendants failed to properly maintain its establishment in a safe manner while Plaintiff was inside the store;

C. Defendants failed to take corrective action to prevent the accident in question by inspection the floor and cleaning the floor inside the store to assure the safety of its customers.

D. In failing to eliminate unsafe methods and operations; and

E. In failing to provide adequate training for the work performed by its management.

17. Each and every, all and singular of the foregoing acts and omissions, on the part of Defendants, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages suffered by Plaintiff as described herein for which Plaintiff hereby sues.

18. Plaintiff, VENISSA PIPKIN, suffered serious injuries to her right and left knees and other parts of her body, and Plaintiff seeks all damages in law and equity, to which he may be entitled.

## PREMISES LIABILITY

19. Defendants were the occupiers and/or possessors of the subject premise and in control of the entire establishment. Defendants had a duty to properly maintain its establishment in a safe manner while Plaintiff was on the premises. Defendants failed to properly maintain and negligently failed to take corrective action to prevent the accident in question by inspecting and assuring the safety of its patrons, Plaintiff in particular. Defendants created a dangerous condition which it had knowledge of and failed to inspect the premises and warn about the dangerous condition of its floors. The condition of the floor within the Defendants' premises posed an unreasonable risk of harm. Defendants had a duty to use ordinary care to ensure that the premises did not present a danger to VENISSA PIPKIN. This duty includes the duty to inspect and the duty to warn or to cure. Defendants breached the duty of ordinary care by failing to maintain the establishment. Defendants' negligent acts and omissions caused Plaintiff to slip and subsequently fall and were a proximate cause of Plaintiff's injuries and damages, for which she now sues.

20. Each and every, all and singular of the foregoing acts and omissions, on the part of Defendants, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages suffered by Plaintiff as described herein for which Plaintiff hereby sues.

21. Plaintiff, VENISSA PIPKIN, suffered serious injuries and Plaintiff seeks all damages in law and equity, to which she may be entitled.

## GROSS NEGLIGENCE

22. Alternatively, and without waiving the foregoing, Plaintiff would show the Court and jury that Defendants' conduct described herein constitutes gross negligence as defined in Tex. Civ. P. & Rem. Code § 41.001 (11) (A) & (B). As a result of such gross negligence of Defendants, Plaintiff is entitled to recover exemplary damages.

## EXEMPLARY DAMAGES

23. As a result of Defendants' malice, Plaintiff seeks exemplary damages against these defendants in an amount deemed appropriate by the jury.

## DAMAGES TO PLAINTIFF

24. As a direct and proximate result of the negligent acts and/or omissions by Defendants, Plaintiff VENISSA PIPKIN suffered severe and personal injuries, including physical injury to her right and left knee and other parts of her body. Plaintiff VENISSA PIPKIN has incurred substantial, reasonable, and necessary doctor, hospital, and medical expenses, and in reasonable medical probability will incur substantial doctor, hospital, and medical expenses in the future. Plaintiff VENISSA PIPKIN suffered the following damages:

   A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff VENISSA PIPKIN for the necessary care and treatment of the injuries resulting from the accident complained of

      herein and such charges are reasonable and were usual and customary charges for such services;

B.     Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

C.     Physical pain and suffering in the past, present, and in the future;

D.     Physical impairment in the past, present, and in the future.

E.     Mental anguish in the past, present and in the future; and

F.     Disfigurement in the past, present and in the future.

25.     As such, Plaintiff has incurred damages in excess of the minimum jurisdictional limits of this Court. Plaintiff seeks pre-judgment and post-judgment interest at the highest rate allowed by law.

26.     Pleading further, Plaintiff's injuries resulted from Defendants' gross negligence, which entitles Plaintiff to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

27.     Under Texas Rules of Civil Procedure 47, Plaintiff seeks monetary relief over $1,000,000.00.

## DESIGNATED SERVICE EMAIL ADDRESS

The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to TEX. R. Civ.P.21(f)(2) and 21(a): wwatson@ccatriallaw.com and rkubik@ccatriallaw.com. As such, these are the ONLY electronic email addresses and undersigned counsel does NOT accept service through any other email address but

requests a copy of all electronically served documents and notices, filed and unfiled be sent to scarrigan@ccatriallaw.com or danderson@ccatriallaw.com.

## **PRAYER**

For these reasons, VENISSA PIPKIN asks that the Court issue citation for Defendants to appear and answer, and that VENISSA PIPKIN be awarded a judgment against Defendants for the following:

A. Actual damages;

B. Exemplary damages;

C. Prejudgment and post judgment interest;

D. Court costs;

E. All other relief to which VENISSA PIPKIN is entitled; and

F. Under Texas Rules of Civil Procedure 47, Plaintiff seeks monetary relief over $1,000,000.00.

*Respectfully submitted,*

**CARRIGAN & ANDERSON, L.L.P.**

By:**/s/Stephen P. Carrigan**
     Stephen P. Carrigan

        State Bar No. 03877000
        David M. Anderson
        State Bar No. 24064815
        101 N. Shoreline Blvd., Ste 420
        Corpus Christi, TX 78401
        (361) 884-4433 – Telephone
        (361) 884-4434 – Facsimile
        scarrigan@ccatriallaw.com
        danderson@ccatriallaw.com
        Legal assistant: wwatson@ccatriallaw.com
        Legal assistant: rkubik@ccatriallaw.com

## ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the above and foregoing have been provided to all counsel of record listed below via electronic service on this the 27th day of October, 2021, in accordance with the Texas Rules of Civil Procedure.

Jaime A. Saenz
Jacob Casso
COLVIN, SAENZ, RODRIGUEZ & KENNAMER, L.L.P.
1201 East Van Buren
Brownsville, Texas   78520
ja.saenz@rcclaw.com

                ***/s/Stephen P. Carrigan***
                Stephen P. Carrigan